LEE J. McMANUS, Plaintiff-Appellant, v. LOIS McMANUS, Defendant-Appellee.

First District (4th Division) No. 59654

Opinion filed November 26, 1975.—Rehearing denied May 12, 1976.

Moriarty, Rose & Hultquist, Ltd., of Chicago (M. J. Moriarty, Robert C. Hultquist, and Joseph M. Ladd, of counsel), for appellant.

Rinella & Rinella, of Chicago (Samuel A. Rinella and Stuart N. Litwin, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff and defendant were married December 5, 1953, and lived together until July 1970. Two children were born of this marriage. They were 13 and 10 years of age at the time of the filing of the complaint for divorce by the plaintiff-appellant, on November 10, 1972, charging his wife with desertion. He asked for a divorce and custody of the children. Defendant filed a cross-petition for temporary alimony, child support and temporary attorney's fees. After hearing testimony offered by the parties, the trial judge entered an order on August 2, 1973, awarding defendant $2,150 per month temporary alimony and child support. Plaintiff was required to pay for defendant's automobile lease of $197.50 per month, the children's education expenses of which tuition amounted to $3,600 per year, medical expenses of $850 per month and defendant's temporary attorney's fees of $3,500. Plaintiff appealed, claiming that said award exceeded his ability to pay.

Defendant then moved for alimony, child support and attorney's fees pending appeal and on September 26, 1973, was awarded $2,150 per month temporary alimony and child support until resolution of the appeal. The plaintiff then filed an amended notice of appeal from both orders of August 2, 1973, and September 26, 1973. In the amended notice of appeal, plaintiff claimed the trial judge abused his discretion in entering said orders which provide for payments in excess of his income and ability to pay. Neither party to this appeal was satisfied with the trial court's judgment. We are affirming the judgment of the trial court for the following reasons:

Prior to their disagreements both parties lived comfortably on the husband's substantial income. They enjoyed a high standard of living above the needs of the average family with two minor children. In *Sandberg v. Sandberg,* 11 Ill.App.3d 495, 501, 297 N.E.2d 654, 658 (1973), we find a quote from 24 Am.Jur.2d *Divorce and Separation* § 634, at 756 (1966), applicable to the appeal under consideration herein:

> " 'In many cases  *  *  *,  the parties have lived in such a way as to consume all their income, and have even lived beyond their means before separation, so that it is obvious that each cannot maintain the same high standard of living in two separate households after the separation. Therefore it cannot be necessarily true that the wife should be furnished with funds to maintain the scale of living to which she was accustomed before the separation, and the court will determine the amount of alimony by considering

what would be appropriate in the light of the incomes and resources of the parties.'"

We should reiterate that the order of September 26, 1973, was only a continuing order of the August 2, 1973, order for temporary alimony and child support during the pendency of the appeal.

After a careful examination of the record we concluded that the defendant and the children have enjoyed a high standard of living. The plaintiff testified that in 1971 he expended the sum of $30,000 on behalf of his wife and children. His salary that year was $53,000.

The plaintiff is President and Chairman of the Board of Progressive Matrix Company of Chicago, Illinois, of which he owns 80 percent. Said company had a net income in 1972 of $106,857.31 after paying plaintiff's salary. The retained earnings of said company at the end of 1972 amounted to $876,560.91. By the end of 1973, the retained earnings increased to $964,978.51. In addition the plaintiff also had the $100,000 from the sale of the marital home.

■■ Our examination of the entire record, the briefs submitted by both parties, and the arguments of both counsel, lead us to the conclusion that the plaintiff has the ability to pay the amount awarded the defendant. It was reasonable and conformed to the standard of living which the defendant and the children enjoyed during the defendant's marriage to the plaintiff.

■■ The record reveals that the trial court's orders complained of were temporary orders to take effect until a final hearing is had in the matter. They were not final orders. Plaintiff further claims that the award of temporary attorney's fees was unreasonable and that there was no specific hearing as to the fees. Actually, plaintiff's attorney did not request such a hearing. He did not advise the trial court that the time spent by defendant's counsel did not justify said fee. The trial judge did not abuse his discretion in allowing said fee.

■■ The plaintiff also claims that the trial court's orders are confiscatory because they will force the plaintiff to dispose of his property. Said orders were predicated upon plaintiff's income and his undistributed income in Progressive Matrix Company of which he owns 80 percent. There was no order requiring the plaintiff to transfer any of his assets to the defendant because of "special circumstances and equities."

For the reasons stated the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and JOHNSON, JJ., concur.